Jones, J.
In the action at law seeking damages against Katherine Engel for breach of the agreement involved, the only defense specifically pleaded by her as defendant was that she did not own the property which she proposed to exchange under the agreement. It is now urged by her as a basis for a separate action that, in fact, the signature to the agreement was procured by the fraudulent acts and false representations of Rothman’s agent, which vitiated the alleged contract. It is not contended that these facts, if proven, would not have been a complete defense to the former action; counsel for the defendant in error concede that they would. But the contention now urged, and which was sustained by the court of appeals, is, that though Engel could have interposed that defense in the former action for damages, she had the election to permit judgment against her in the law case and reserve her defense as a basis for a counterclaim in a subsequent equitable action to cancel the agreement.
If the principle applied by the court of appeals be upheld, then, after foreclosure of a mortgage, or recovery of judgment upon a negotiable instrument, or after specific performance of a contract for the conveyance of realty, a defendant, in either of above mentioned cases, may reserve his defense of fraud as a basis of a separate action in a later proceeding.
Our code requires a defendant to set forth all of his strictly legal defenses to a suit brought against him, or be forever barred from urging one of them in a second suit between the same parties touching *80 the same subject-matter. This court, with a possible exception of a single case hereafter referred to, has consistently maintained this principle in construing the procedural code provisions ' requiring submission and determination of all defensive matters in a single action. Public policy and natural justice require that circuity of actions shall yield to the repose of litigation. The facts pleaded by Engel in her present action would have been a complete defense to the former action against her for damages. She placed herself in the position of risking her case upon a single defense when she could have availed herself of another. That this cannot be done in this state has been repeatedly decided. Lacy v. Admrs. of Garard, 2 Ohio, 7; Covington & Cincinnati Bridge Co. v. Sargent, 27 Ohio St., 233; Swensen & Sears v. Cresop, 28 Ohio St., 668; Kunneke v. Mapel, 60 Ohio St., 1; Mengert, Trustee, v. Brinkerhoff, Sr., 67 Ohio St., 472, and Strangward v. American Brass Bedstead Co., 82 Ohio St., 121.
The defendant in error relies, as did the court of appeals, upon the case of Witte v. Lockwood, 39 Ohio St., 141. We are not now called upon to approve or disapprove the principle announced in that case. Whether the result in Witte v. Lockwood followed from the confusion of authority in Ohio, or from the fact that new parties were necessary to afford adequate relief, as intimated in the opinion, is not clear. If for the first reason, then the confusion has disappeared, as is shown in the syllabi of the last four cases cited. In Kunneke v. Mapel, supra, the syllabus states: “It is a principle *81 of general application that a party defending is bound to set up all matters which are strictly matters of defense.” The evocation of equitable remedy is permitted where no adequate remedy can be had on the law side of the court. In this case the defense was strictly a legal one, and full relief could have been had by the defendant in the law action. It furnished no basis for a counterclaim of such character as could be reserved for future action. It was purely and strictly defensive. Let it be assumed that Engel in the former suit had pleaded the facts now relied upon in this suit, and had sought the affirmative relief of cancellation. Such facts if pleaded would not have constituted a counterclaim demanding equitable relief, in the absence of special facts disclosing impending wrong or future injustice to Engel, which would warrant the intervention of a court of equity. Quebec Bank v. Weyand et al., 30 Ohio St., 126.
Plaintiff in her petition does state that she has no adequate remedy at law, but this statement is a bald legal conclusion. In the absence of additional facts pleaded, calling for the exercise of the judicial powers of the chancellor, peculiarly requiring the cancellation, complete relief could have been had by defending the former action. The case of Quebec Bank v. Weyand et al., supra, in so far as it defines a counterclaim is similar to the instant case. That was a suit upon a promissory note. The defendants filed a cross-bill, seeking equitable relief upon substantially the same grounds that are urged in this case, that the note was without consideration and fraudulently held, and upon dis *82 missal of plaintiff’s action the defendants insisted that their bill constituted a counterclaim demanding affirmative relief. The court there held that the cross-action was not a counterclaim, and that full relief could have been had on the law side of the court. Judge Scott, delivering the opinion, said (page 131): “If the issues of fact made by the pleadings were found by the verdict of the jury in favor of defendants, they would be entitled to a judgment in their favor, which would as effectually protect them from further molestation as would an order of cancellation by a court of equity.”
Facts that are strictly defensive, and which, if pleaded as a defense in an action at law, would operate to defeat the plaintiff’s right to recover, do not constitute a counterclaim. And if the defendant does not avail himself of such defense, he will be barred from utilizing it in a subsequent suit. The progressive evolution of our modern law, as exemplified in our code of procedure, should require a construction that is compatible not only with natural justice but with a promise of speedy determination of controversies between litigants. The term “counterclaim” as applied to the facts disclosed should not be so construed as to permit a litigant to try out his chances on a single defense, and, if defeated in that, later to spring a reserved defense upon his unsuspecting adversary, in a subsequent suit.
As the conceded facts appear both upon the face of the petition and in the finding of the court of appeals, it follows that the court erred in overruling the demurrer to the petition and in rendering judg *83 ment for the defendant in error. The judgment of the court of appeals is reversed, and judgment here rendered in favor of the plaintiff in error.

Judgment reversed, and judgment for plaintiff in error.

Nichols, C. J., Wanamaker, Matthias and Johnson, JJ., concur.
Donahue, J., concurs in the first paragraph of the syllabus, but dissents from the second and third paragraphs and from the judgment.